SARAH DE DIEGO (SBN 239321)
DE DIEGO LAW
1223 Wilshire Blvd., 148
Santa Monica, CA 90403
Telephone: (310) 980-8116
Facsimile: (866) 774-7817

*Attorney for Defendants Eli Aloisi*
*and Above All Offers, Inc.*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA DIETARY SUPPLEMENTS, INC., a Nevada corporation<br><br>    Plaintiff,<br><br>      vs.<br><br>ELI ALOISI, individually, ABOVE ALL OFFERS, INC., an Oregon corporation, and DOES 1 to 100, inclusive,<br><br>    Defendants. | Case No.: 2:17-cv-05246-DMG (SSx)<br><br>**DEFENDANTS ELI ALOISI AND ABOVE ALL OFFERS, INC.'S NOTICE OF MOTION AND RULE 12(b)(6) MOTION TO DISMISS**<br><br>Date:    October 20, 2017<br>Time:    9:30 a.m.<br>Judge:  Hon. Dolly M. Gee<br>Place:  Courtroom 8C, 8th Floor |

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on October 20, 2017 at 9:30 a.m., or as soon thereafter as this matter may be heard in the above-entitled Court located at 350 West 1st Street, Courtroom 8C, 8th Floor, Los Angeles, CA 90012, Defendants Eli Aloisi ("Aloisi") and Above All Offers, Inc. ("AAO"), (collectively, the "Moving Defendants") will move this Court to dismiss Plaintiff USA Dietary Supplements Inc. ("USA Dietary Supplements" or "Plaintiff")'s First Amended Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

This Motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities in Support, the First Amended Complaint, the complete files and

records in this action, any reply brief that may be filed, and upon such other and further evidence as may be presented at the hearing of this Motion.

This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on September 6 and 7, 2017.

Dated:   September 12, 2017                    DE DIEGO LAW

                                               By: */s/ Sarah de Diego*
                                               Sarah de Diego
                                               *Attorney for Defendants Eli Aloisi*
                                               *and Above All Offers, Inc.*

## MEMORANDUM OF POINTS & AUTHORITIES

### I.   INTRODUCTION

Defendants Eli Aloisi ("Aloisi") and Above All Offers, Inc. ("AAO"), (collectively, the "Moving Defendants") respectfully submit this memorandum and request that this Court dismiss Plaintiff USA Dietary Supplements, Inc. ("USA Dietary Supplements" or "Plaintiff")'s First Amended Complaint (Dkt. 18) in its entirety based on Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  In support of their Motion, the Moving Defendants note the following:

### II.   STATEMENT OF FACTS

USA Dietary Supplements filed its Complaint on July 17, 2017.  Dkt. 1.  On August 8, 2017, the Moving Defendants filed a Rule 12 (b)(6) Motion to Dismiss, or in the Alternative, Motion to Transfer Pursuant to 28 U.S.C. § 1404(a).  Dkt. 13.  On August 29, 2017, as a matter of right, Plaintiff amended its claims and filed a First Amended Complaint. Dkt. 18.  Based on the amendment, the Moving Defendants' Motion to Dismiss was denied as moot, and the hearing was vacated.  Dkt. 19.  Among the distinctions between the pleadings, the First Amended Complaint omits the previously asserted breach of contract claim and substitutes it with an unfair competition claim pursuant to Cal. Bus. & Prof. Code § 17200.  While some additional details are specified, the amended pleading remains deficient.

### III.   LEGAL AUTHORITY

#### A. Motion to Dismiss

Under Fed. R. Civ. P. 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  If a complaint is deficient under this rule, defendants have the option to move for dismissal pursuant to Fed. R. Civ. P. 12(b)(6).  "Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory."  *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Plausibility requires pleading facts, as opposed to conclusory allegations or the formulaic recitation of the elements of a cause of action, and must rise above the mere conceivability or possibility of unlawful conduct that entitles the pleader to relief." *Somers*, 729 F.3d at 959-60 (quotations and citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, there must be "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do…" *Twombly*, 550 U.S. at 555.

Apart from the typical pleading requirements, certain claims predicated on fraud (including RICO claims) are subject to Fed. R. Civ. P. 9(b)'s heightened pleading requirements, requiring a plaintiff to plead such allegations with particularity. *Dhaliwal v. Singh*, No. CV F 13-0484 LJO SKO, 2013 U.S. Dist. LEXIS 83941, at *53 (E.D. Cal. Jun. 12, 2013). "Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citations and quotations omitted). "Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct…so that they can defend against the charge and not just deny that they have done anything wrong." *Id.* "A court may dismiss a claim

2

grounded in fraud when its allegations fail to satisfy Fed. R. Civ. P. 9(b)'s heightened pleading requirements." *Dhaliwal*, No. CV F 13-0484 LJO SKO, 2013 U.S. Dist. LEXIS 83941, at *27.

IV.   **ARGUMENT**
  A. **Plaintiff's First Amended Complaint Fails to State a Claim Upon Which Relief Can Be Granted**
    1. *Plaintiff Fails to State a Claim for Tortious Interference with a Contractual Relationship*

Count I of Plaintiff's First Amended Complaint for Tortious Interference with a Contractual Relationship should be dismissed for failure to state a claim because Plaintiff continues to make the barest of allegations in support of the claim, and fails to adequately plead the requisite elements, including actual breach or disruption of the contractual relationship. A plaintiff must adequately plead the following elements to state a cause of action for tortious interference with a contractual relationship: (1) a contract between the plaintiff and a third party; (2) defendant's knowledge of the contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage. *Pacific Gas & Electric Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118, 1126 (Cal. 1990).

Plaintiff mechanically recites the first and second elements in Paragraphs 28 and 29. As to the alleged intentional acts designed to induce a breach or disruption of the contractual relationship, Plaintiff inconsistently alleges that "ALOISI, AAO, and DOES 1 to 100, each of them, intentionally and without justification or privilege, interfered with the contractual relationship between US DIETARY SUPPLEMENTS and Pelekan Partners by making false representations to Pelekan Partners about USA DIETARY SUPPLEMENTS' indebtedness to AAO, and by disparaging USA DIETARY SUPPLEMENTS' business practices." Dkt. 18, ¶ 30.   Regarding the alleged false misrepresentations, Plaintiff's First Amended Complaint merely adds the date of an alleged telephone conversation between Aloisi and Jeff Brooks. *Id.*, ¶ 31.   However, Plaintiff continues to fail to provide any additional allegations regarding the particulars of the alleged false representations and disparaging

3

statements concerning its business practices, other than its sparse allegations. *Id.* There are no allegations to support the falsity of the alleged statements regarding USA DIETARY SUPPLEMENTS' indebtedness, financial distress, or the failure to pay its vendors' invoices, other than the following allegation: "[t]he statements made by ALOISI to Jeff Brooks were in fact false…" *Id.*, ¶ 32.  Along similar lines, Aloisi's alleged intent to disrupt the contractual relationship is insufficiently pled in Paragraph 32.

As to the fourth element, Plaintiff continues to fail to proffer any allegations regarding an actual breach or disruption of the contractual relationship between third party Pelekan Partners and USA DIETARY SUPPLEMENTS.  Plaintiff notes only Jeff Brooks' distress and that "this in turn damaged USA DIETARY SUPPLMENTS' credit arrangements and fees with Pelekan Partners." *Id.*, ¶ 31.  But, an allegation of damage to Plaintiff's credit arrangements and fees is not coextensive with an actual breach or disruption of an agreement.  Reaching that conclusion would require an inferential leap that is without any basis whatsoever from the face of Plaintiff's First Amended Complaint.

For the fifth element, Plaintiff merely notes that "[a]s a consequence of ALOISI's, AAO's and other unknown agents and co-conspirators' interference, USA DIETARY SUPPLEMENTS has been damaged due to the loss of favorable financing terms, in the sum of at least $1,000,000." *Id.*, ¶ 33.  However, this allegation is insufficient to plead an actual breach or disruption of the contractual relationship.  Loss of favorable financing terms are not coterminous with actual breach or disruption of a contractual relationship.  Plaintiff fails to plead that its alleged financing agreement with Pelekan Partners was terminated.  While Plaintiff also alleges that its "reputation in the industry and with Pelekan Partners has been permanently damaged in an amount according to proof," such alleged reputational damage does not qualify as a breach or disruption of a contractual relationship either. *Id.* In addition, there is nothing to support Plaintiff's request for an award of punitive damages based upon the alleged "fraudulent, oppressive and malicious conduct." *Id.*, ¶ 34.

For the above reasons, Plaintiff's First Amended Complaint inadequately pleads actual breach or disruption of the contractual relationship and resulting damage. Even accepting all allegations as true, the claim lacks plausibility and is wholly speculative. "If the facts alleged do not support a reasonable inference of liability, stronger than a mere possibility, the claim must be dismissed." *Prods. & Ventures Int'l v. Axus Stationary Shanghai*, No. 2017 U.S. Dist. LEXIS 121823, 2017 U.S. Dist. LEXIS 121823, at *6 (N.D. Cal. Aug. 2, 2017).

Plaintiff's tortious interference with contract claim is insufficiently pled against AAO, as well as Aloisi. Plaintiff fails to make any other allegations concerning any other interfering acts/false representations made by any party other than ALOISI, yet has asserted the claim against both Aloisi and AAO. Plaintiff's allegations are wholly and legally insufficient to state a claim against Aloisi individually, and AAO, and should be dismissed.

### 2. *Plaintiff Fails to State a Claim for Fraud-Misrepresentation*

In Count II of its First Amended Complaint, Plaintiff continues to assert a claim for fraud-misrepresentation against all Defendants, yet fails to appropriately separate out the misrepresentation allegations among the multiple accused defendants. "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) (citations and quotations omitted). Plaintiff's allegations in Paragraphs 36-40 of the First Amended Complaint do not differentiate its misrepresentations allegations among the various accused defendants. While Plaintiff has supplemented its claim with additional allegations regarding the alleged statements, the allegations nonetheless lump Jacki Clason ("Clason") and Aloisi together. Paragraph 38 of the First Amended Complaint makes no distinction between Clason and Aloisi and the various statements allegedly made by each person. Moreover, despite pleading that "DOES 1 to 100 made material misrepresentations of fact to WANAMAKER," no allegations are made concerning statements made by anyone other than Clason and

Aloisi.  Dkt. 18, ¶¶ 36; 40.  "In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, identify the role of each defendant in the alleged fraudulent scheme."  *Swartz*, 476 F.3d at 765.  Plaintiff's First Amended Complaint fails to accomplish the requisite identification of the role of each defendant in the alleged fraud-misrepresentations.

Moreover, as to AAO, a corporation, Plaintiff's misrepresentation claim also fails, because it does not identify the person who made the misrepresentations, as well as their authority to make such statements.  *Pedersen v. Greenspoint Mortg. Funding, Inc.*, No. S-11-0642 KJM EFB, 2011 U.S. Dist. LEXIS 96397, at *23-24 (E.D. Cal. Aug. 29, 2011).

### 3.  *Plaintiff Fails to State a Claim for Conspiracy to Commit Fraud*

Plaintiff has also failed to adequately plead its claim of civil conspiracy to commit fraud, because the First Amended Complaint lacks any allegations concerning the formation of a conspiracy or parties acting in concert, other than alleging that  "Defendants ALOISI, AAO, and DOES 1 to 100, and each of them, acting in concert, came to a mutual understanding that they would participated [sic] in a common and unlawful plan to defraud USA DIETARY SUPPLEMENTS…".  Dkt. 18,  ¶ 46.  "A party seeking to establish a civil conspiracy must show that each member of the conspiracy acted in concert and came to a mutual understanding to accomplish a common and unlawful plan, and that one or more of them committed an overt act to further it.  It is not enough that the conspirators knew of an intended wrongful act, they must agree-expressly or tacitly-to achieve it."  *United Motors Int'l, Inc. v. Hartwick*, No. CV 17-00243 BRO (Ex), 2017 U.S. Dist. LEXIS 31405, at *28 (C.D. Cal. Mar. 6, 2017).  Plaintiff's formulaic recitation does not establish Defendants' formation of a conspiracy, nor that the Defendants acted in concert to commit fraudulent acts.

Again, allegations of fraud must be plead with specificity and the allegations of Paragraphs 46 and 47 of the First Amended Complaint lack the requisite details about which of the Defendants committed the alleged acts and when the acts where committed.  In addition, certain of the alleged fraudulent acts are unclear, such as the alleged "use of cyber

'shaving' by CAKE software using its Static Control function, to underreport the actual sales triggered in the sales reporting software of AAO's publishers and affiliates." Dkt. 18, ¶ 46. It is unclear how the Defendants allegedly used such software to defraud Plaintiff, much less how underreporting of actual sales would benefit Defendants who get paid based on sales generated.   Similarly, the allegations regarding the use of "threats, disparagement and intimidation to strong arm payments from Plaintiff and interfering with the contractual relations of USA DIETARY SUPPLEMENTS and its finance vendor, Pelekan Partners" are baseless and wholly lacking. *Id.* There are no allegations concerning the content much less context of such alleged threats, disparagement, and intimidation, nor any allegations concerning which of the defendants made the threats; to whom the threats were made; and when the threats were made.

### 4.   *Plaintiff Fails to State a Claim for Unfair Competition*

Plaintiff's new claim for unfair competition in violation of Business and Professions Code §§ 17200 et seq. against AAO is vague and wholly deficient.  Unfair competition is defined by Cal. Bus. & Prof. Code § 17200 to "mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with 17500) of Part 3 of Division 7 of the Business and Professions Code."  Cal. Bus. & Prof. Code § 17200.  "Its purpose is to protect both consumers and competitors by promoting fair competition in commercial markets for goods and services." *McGill v. Citibank, N.A.*, 2 Cal. 5th 945, 954 (Cal. Apr. 6, 2017) (quotations and citations omitted).

To state a claim for unfair competition, a plaintiff must plead: "1) loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., economic injury, and 2) economic injury was the result of the unfair business practice or false advertising that is the gravamen of the claim." *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 322 (Cal. Jan. 27, 2011)

Plaintiff has merely referenced its other allegations broadly as an alleged basis for its unfair competition claim.  Despite alleging this unfair competition claim solely against

7

AAO, Plaintiff fails to allege the prohibited acts and/or which laws which were violated by AAO.  Instead, it merely alleges conduct by the group of defendants (ALOISI, AAO, and DOES 1 to 100).  Dkt. 18, ¶ 51.  No clarifying allegations are included regarding AAO's supposed conduct in violation of unfair competition laws.  Broad allegations referencing "other culpable conduct" are wholly insufficient.  *Id*., ¶ 51.  Moreover, where an unfair competition claim is "incidental to and depend[s] upon the validity (or invalidity) of the preceding claims for relief"…the claim "stand[s] or fall[s] depending on the fate of the antecedent substantive causes of action."  *Krantz v. Bt Visual Images*, 89 Cal. App. 4th 164, 178 (Cal. App. 2001).

In addition, private standing for the present unfair competition claim is restricted to "a person who has suffered injury in fact and has lost money or property as a result of the unfair competition."  Cal. Bus. & Prof. Code. § 17204.  Plaintiff fails to plead the requisite injury in fact or loss of money as a result of the alleged unfair competition, and instead only makes vague and broad allegations concerning its alleged injury.  Dkt. 18, ¶ 52.  Plaintiff's substandard pleading concerning its alleged injury is wholly insufficient.

### 5.   *Plaintiff Fails to State a Claim for Violations of RICO*

In Count V and VI, Plaintiff continues to allege two separate RICO claims for violations of 18 U.S.C. § 1962 (c) and (d) against all Defendants, yet Plaintiff fails to allege a substantive violation of the RICO statutes.  Liability under Section 1962(c) of RICO requires: (1) the conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.  *Dhaliwal*, No. CV F 13-0484 LJO SKO, 2013 U.S. Dist. LEXIS 83941, at *46.  Plaintiff merely asserts summary allegations concerning the alleged existence of a RICO enterprise, without actually providing sufficient allegations to actually plead the existence of any of the elements.  As to the existence of an enterprise, Plaintiff merely recites the definition of an enterprise under 18 U.S.C. § 1961 (4) in its allegation concerning the creation and operation of an enterprise by the Defendants.  Dkt. 1, ¶ 54.

As an additional matter, Plaintiff's RICO claims must be plead with specificity, which it has failed to do.  As in *Dhaliwal*, "[t]he complaint lacks sufficient facts to establish

DEFENDANTS ELI ALOISI AND ABOVE ALL OFFERS, INC.'S NOTICE OF MOTION AND RULE 12(B)(6) MOTION TO DISMISS

an enterprise's conduct of a pattern of racketeering activities, especially given the absence of a factual basis for state or federal crimes to constitute the necessary predicate acts within the definition of racketeering activity." *Dhaliwal*, No. CV F 13-0484 LJO SKO, 2013 U.S. Dist. LEXIS 83941, at *51-52.  Plaintiff's facially deficient pleadings fails to satisfy the particularity requirements of Fed. R. Civ. P. 9(b).  "The Ninth Circuit applies Fed. R. Civ. P. 9(b) particularity requirements to RICO claims under section 1962." *Id.*, at *53.  As discussed in *Dhaliwal*, the assertion of a RICO claim carries a stigmatizing effect on the named defendants and must be presented with intelligibility and clarity to allow the court and opposing parties to understand the nature of the allegations.  *Id.*, at *54.  Plaintiff's allegations in Paragraphs 54-56 are entirely conclusory and devoid of the requisite specific details.  While Paragraph 56 contains additional details regarding the alleged predicate acts of racketeering activity, no allegations are made concerning these acts being those of an enterprise.  Many of the predicate acts alleged are vague as well.  For instance, no details are included regarding how the Defendants supposedly "employed the use of CAKE 'shaving' software through the 'Static Control' function to falsely increase Defendant's profits." *Id.*, ¶ 56.d.  Nor are there any details regarding the alleged June 26, 2017 threat to sue.  *Id.*, ¶ 56.e.  As to its alleged damages, Plaintiff also fails to adequately allege facts showing injury by the alleged racketeering activity.  *Id.*, ¶ 62.

As to its RICO subsection (d) claim, Plaintiff must allege the existence of a conspiracy to violate any of the provisions of Subsection (a), (b), or (c).  "In order to state a claim pursuant to Sec. 1962(d), a complaint must first plead the requisite elements of 18 U.S.C. § 1962 subsections (a), (b), or (c)." *Alves v. Players Edge, Inc.*, No. 05CV1654 WQH (CAB), 2007 U.S. Dist. LEXIS 98184, at *25 (S.D. Cal. Aug. 8, 2007).  Given that Plaintiff's allegations are insufficient to establish a violation of Subsection (c), and Plaintiff has not proffered any allegations concerning violation of the remaining subsections, Plaintiff's Subsection (d) claim also fails to state a claim.

## V.   **CONCLUSION**

For the above reasons, Plaintiff's First Amended Complaint insufficiently pleads facts that are vital to its various claims, and therefore fails to state a claim for relief. "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).  Plaintiff's First Amended Complaint is replete with conclusory allegations that this Court is not required to accept as true.   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  For each and every asserted cause of action found in its First Amended Complaint, Plaintiff has failed to make allegations that exceed a threadbare and conclusory recital of the elements, and should therefore be dismissed in its entirety.  The Moving Defendants therefore respectfully request that this Court grant their Motion and dismiss Plaintiff's First Amended Complaint.

Dated:   September 12, 2017                    DE DIEGO LAW

By: */s/ Sarah de Diego*_____
Sarah de Diego
Attorney for Defendants
ELI ALOISI and ABOVE ALL OFFERS, INC.

### **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record in compliance with the Federal Rules of Civil Procedure through the Court's CM/ECF system on this 12th day of September, 2017.

*/s/ Sarah R. Cabello*_____